Dated: July 7th, 2025



Whitman L. Holt
Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON
YAKIMA DIVISION

In re:

CITY OF CLE ELUM,

      Debtor.

Case No. 25-01128-WLH9

Chapter 9

ORDER GRANTING DEBTOR'S COMBINED MOTION TO EXPEDITE HEARING AND FOR ENTRY OF AN ORDER (1) APPROVING PROPOSED FORM OF NOTICE OF THE COMMENCEMENT OF THIS CASE; (2) SETTING A DEADLINE FOR OBJECTIONS TO THE PETITION; (3) ESTABLISHING A CLAIMS BAR DATE; (4) SETTING A DEADLINE FOR FILING PLAN; AND (5) GRANTING RELATED RELIEF

This matter came before the court upon the Motion[1] [Dkt. No. 11] filed by the Debtor in the captioned case for the entry of an Order governing or establishing

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion.

ORDER DIRECTING AND APPROVING FORM OF NOTICE
OF CASE COMMENCEMENT AND SETTING
DEADLINES - 1
127078096.6 0083426-00001

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone 206.624.0900

various deadlines and procedures in the Case, including, without limitation, (1) Debtor's proposed form of notice of the commencement of this case; (2) setting a deadline for objections to the petition; (3) establishing a claims bar date; ~~and~~ (4) setting a deadline for the Debtor to file a plan, and (5) granting related relief, each as set forth more fully in the Motion. The court, having reviewed the Motion and determined that the City has established sufficient legal and factual bases for the relief sought in the Motion, **HEREBY FINDS:**

    A.    Due and sufficient notice of the Motion in accordance with applicable Bankruptcy Rules and Local Rules was given to parties in interest such that no further notice is required.

    B.    The City has established cause pursuant to Local Rule 2002-1(c)(2) to reduce the notice and objection period for the relief sought in the Motion.

    C.    The form of the *Notice of Commencement of Case Under Chapter 9* attached hereto as **Exhibit A** (the "Notice of Commencement") complies with applicable law and is reasonably calibrated to apprise interested parties of their rights and responsibilities incident to this Case.

    D.    The procedures set forth in the Motion comply with applicable law and are reasonably calibrated to facilitate the orderly administration of this debt-adjustment proceeding while ensuring that interested parties are apprised of their rights and responsibilities in connection with this Case.

    E.    Additional notice requirements beyond those imposed by this Order would unduly burden the Debtor.

    F.    The procedures proposed by the Debtor provide interested parties at least the minimum required in order for this Case to be permitted to affect their rights and claims pursuant to the Due Process jurisprudence applicable to bankruptcy proceedings.

ORDER DIRECTING AND APPROVING FORM OF NOTICE OF CASE COMMENCEMENT AND SETTING DEADLINES - 2

127078096.6 0083426-00001

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone 206.624.0900*

25-01128-WLH9    Doc 26    Filed 07/07/25    Entered 07/07/25 13:37:01    Pg 2 of 11

**HAVING MADE THE FOREGOING FINDINGS OF FACT, IT IS HEREBY ORDERED:**

1. The Motion [Dkt. No. 11] is GRANTED in its entirety.

2. All objections to the Motion are overruled on the merits to the extent that they have not been withdrawn or otherwise resolved.

3. The Debtor is authorized immediately to undertake all actions authorized, implicitly contemplated by the Motion, or otherwise necessary or appropriate to effectuate this Order.

4. The Notice of Commencement is approved in all respects.

5. The Debtor will have fulfilled its noticing obligations arising under Section 923 of the Bankruptcy Code to notify interested parties of the commencement of this Case upon depositing (or upon causing its claims, notice, and solicitation agent to deposit) into the U.S. Mail copies of the Notice of Commencement in envelopes addressed to the Notice Parties with prepaid postage; *provided*, *however*, that the failure to serve any Notice Party does not make the notice ineffective as to any interested party who was served in accordance with this Paragraph.

6. The Debtor will have fulfilled its publication obligations arising under Section 923 of the Bankruptcy Code upon publishing (or upon causing its claims, notice, and solicitation agent to publish) in each of the Local Papers an announcement containing, at minimum, the following information: (i) the case number assigned to this Case; (ii) the judge presiding in this Case; (iii) the webpage, phone numbers, and email address of the City's claims, notice, and solicitation agent; (iv) the fact that the City of Cle Elum is a municipality in the State of Washington; (v) the fact that the City has filed a voluntary petition for relief under Chapter 9 of the Bankruptcy Code; (vi) the fact that the City has sought to establish

ORDER DIRECTING AND APPROVING FORM OF NOTICE OF CASE COMMENCEMENT AND SETTING DEADLINES - 3

127078096.6 0083426-00001

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone 206.624.0900*

25-01128-WLH9    Doc 26    Filed 07/07/25    Entered 07/07/25 13:37:01    Pg 3 of 11

certain deadlines in the Case, including a deadline for creditors to file claims against the Debtor; (vii) the fact that interested parties may freely obtain copies of all claims, pleadings, and other papers from the City's claims, notice, and solicitation agent (a "Qualifying Publication"); *provided, however*, that the Debtor's publication obligations are not fulfilled unless and until three successive Qualifying Publications are published in accordance with this Paragraph.

7. The Debtor is not obligated to publish separate notice of this Case for the benefit of bond dealers and bondholders.

8. Any interested party may file an objection (each an "Eligibility Objection" and, collectively, the "Eligibility Objections") pursuant to Section 921 of the Bankruptcy Code challenging the City's eligibility to be a debtor under Chapter 9 of the Bankruptcy Code on or before **September 30, 2025** (the "Eligibility Objection Deadline"). Each Eligibility Objection must (i) be in writing; (ii) served so that it is actually received by the Notice Parties no later than the Eligibility Objection Deadline; and (iii) state either (a) a reasoned and specific objection to Debtor's eligibility to be a debtor under Chapter 9 of the Bankruptcy Code; or (b) all facts and legal authorities which support the objector's contention that the City did not commence its Case in a good faith effort to adjust its debts. Any Eligibility Objection which fails to fully comply with the requirements of this Paragraph is deemed waived and may be stricken from the court's docket without further hearing.

9. The *Voluntary Petition for Non-Individuals Filing for Bankruptcy* (the "Petition") filed by the Debtor constitutes an order for relief entered as of the Petition Date without further Order of the court in the event that no interested party interposes an objection to the City's Petition in accordance with the preceding Paragraph; *provided, however*, that neither the filing any Eligibility Objection nor anything contained in this Order prevents the continuation of this Case or Debtor's free

ORDER DIRECTING AND APPROVING FORM OF NOTICE OF CASE COMMENCEMENT AND SETTING DEADLINES - 4

127078096.6 0083426-00001

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone 206.624.0900*

25-01128-WLH9    Doc 26    Filed 07/07/25    Entered 07/07/25 13:37:01    Pg 4 of 11

exercise of its rights under the Bankruptcy Code, including those rights afforded the Debtor by Section 904 of the Bankruptcy Code; *provided*, *further*, that the Petition will constitute an order for relief entered as of the Petition Date in the event that the last pending Eligibility Objection is withdrawn, overruled, stricken, or otherwise denied by the court.

10. Any claimant who is not a governmental entity must file a proof of claim, if any, for any claim it may possess against the Debtor by completing and filing a *Proof of Claim* on the appropriate official form and in accordance with applicable rules of procedure no later **October 31, 2025** (the "General Bar Date"). If the holder of a claim is a governmental entity, such claimant has until **December 22, 2025**, to file its claim (the "Governmental Bar Date"). Claimants may submit their claims either electronically or physically to the City's claims, notice, and solicitation agent who has been appointed to act in those capacities by separate Order. Claimants may contact that agent either by calling its case information line at 855.926.2377 (Toll-Free) and 949.506.5124 (International) or by email its helpdesk at TeamCleElum@stretto.com. If any claimant fails to file its claim in accordance with this Paragraph on or before the applicable Bar Date, then such claim will be disallowed without further Order of this court unless such claimant (i) promptly seeks leave to submit its untimely claim in accordance with applicable law; and (ii) if the City has filed a Plan, promptly seeks an estimation of its claim in accordance with applicable law; *provided*, *however*, that nothing in this Paragraph permits untimely claimants to unreasonably disturb any plan confirmation process which may be underway as of the time they seek allowance of such untimely claim. A Proof of Claim which is submitted other than in accordance with the requirements of this Paragraph will be deemed disallowed.

ORDER DIRECTING AND APPROVING FORM OF NOTICE OF CASE COMMENCEMENT AND SETTING DEADLINES - 5

127078096.6 0083426-00001

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone 206.624.0900*

25-01128-WLH9    Doc 26    Filed 07/07/25    Entered 07/07/25 13:37:01    Pg 5 of 11

11. The City ~~will~~ must file a proposed debt-adjustment plan and its disclosure statement pertaining to that plan on or before December 31, 2025 (the "Plan Deadline"); provided, however, that any interested parties' right~~, if any,~~ to seek a reduction or enlargement of the Plan Deadline is not prejudiced.

12. Any person or entity that holds or asserts a Claim arising from the rejection of an executory contract or unexpired lease must file a Proof of Claim based on such rejection by the later of (i) the applicable Bar Date or (ii) the date which is 30 days following the effective date of such rejection (unless the Order authorizing such rejection provides otherwise).

13. Nothing in this Order will be construed to (i) restrict or alter any interested parties' right to vote upon the confirmation of Debtor's Plan; (ii) guaranty or otherwise entitle any interested party to receive any payment or distribution of property from the City or its successors or assigns for any reason whatsoever; or (iii) affect any executory contract or unexpired lease of the City.

14. All time periods set forth in this Order are calculated in accordance with Bankruptcy Rule 9006.

15. This court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

16. In the event of any inconsistency between the Motion and this Order, this Order governs.

/// END OF ORDER ///

ORDER DIRECTING AND APPROVING FORM OF NOTICE OF CASE COMMENCEMENT AND SETTING DEADLINES - 6

127078096.6 0083426-00001

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone 206.624.0900

25-01128-WLH9   Doc 26   Filed 07/07/25   Entered 07/07/25 13:37:01   Pg 6 of 11

Presented by:

STOEL RIVES LLP


*/s/ John S. Kaplan*
John S. Kaplan, WSBA No. 23788
Bryan T. Glover, WSBA No. 51045
Brandon E. Lira
*Pro Hac Vice Application Pending*
600 University Street, Suite 3600
Seattle, WA 98101
T. (206) 624-0900
Email: john.kaplan@stoel.com
bryan.glover@stoel.com
brandon.lira@stoel.com

*Attorneys for Debtor*

\* Changes made by court

ORDER DIRECTING AND APPROVING FORM OF NOTICE OF CASE COMMENCEMENT AND SETTING DEADLINES - 7

127078096.6 0083426-00001

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone 206.624.0900*

25-01128-WLH9    Doc 26    Filed 07/07/25    Entered 07/07/25 13:37:01    Pg 7 of 11

# EXHIBIT A
# NOTICE OF COMMENCEMENT

129521550.1 0083426-00001

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone 206.624.0900*

25-01128-WLH9    Doc 26    Filed 07/07/25    Entered 07/07/25 13:37:01    Pg 8 of 11

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON
YAKIMA DIVISION

In re:

CITY OF CLE ELUM,

    Debtor.

Case No. 25-01128-WLH9

Honorable Whitman L. Holt

NOTICE OF COMMENCEMENT OF CASE UNDER CHAPTER 9

TO: ALL CREDITORS AND PARTIES IN INTEREST OF CITY OF CLE ELUM, A MUNICIPALITY IN THE STATE OF WASHINGTON

**COMMENCEMENT OF CHAPTER 9 CASE**. On June 24, 2025 (the "Petition Date"), the City of Cle Elum, a municipality in the State of Washington (the "City" or the "Debtor") and the debtor in the captioned case (the "Case"), filed its *Voluntary Petition for Non-Individuals Filing for Bankruptcy* (the "Petition") seeking relief under Chapter 9 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of Washington at Yakima. By Order of the Hon. Mary H. Murguia, Chief Judge of the United States Court of Appeals for the Ninth Circuit, this Case has been assigned to the Honorable Whitman L. Holt.

**DEBTOR'S CLAIMS, NOTICE, AND SOLICITATION AGENT**. Subject to further Orders of the court, copies of all pleadings, claims, and other papers filed in the Case are freely available from the City's claims, notice, and solicitation agent, Stretto, Inc. ("Stretto"), through its publicly accessible webpage located at https://cases.stretto.com/cleelum/. Additional information about the bankruptcy case may be obtained by calling Stretto's case information line at 855.926.2377 (Toll-Free) and 949.506.5124 (International). You may also submit an inquiry via email to TeamCleElum@stretto.com.

**AUTOMATIC STAY**. Pursuant to Sections 362 and 922 of the Bankruptcy Code, the filing of this Case created an automatic stay of any and all actions or efforts to enforce any claim against the Debtor or its property, including, without limitation, any of the following acts: (a) the commencement or continuation of any action or lawsuit against the Debtor, its officers, or the inhabitants of Cle Elum on account of any claim against the Debtor; (b) the enforcement of any judgment against the City; (c) obtaining property of the Debtor or exercising any control over Debtor's property; or (d) obtaining or enforcing any lien against Debtor or against any of Debtor's property.

**PURPOSE OF THE CHAPTER 9 FILING**. A filing under Chapter 9 of the Bankruptcy Code allows the City to retain its property and to continue its operations

NOTICE OF COMMENCEMENT - 1

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone 206.624.0900

129521550.1 0083426-00001

25-01128-WLH9    Doc 26    Filed 07/07/25    Entered 07/07/25 13:37:01    Pg 9 of 11

while the City works with its creditors to develop and file a *Plan of Adjustment* (the "Plan"), which will be subject to voting by creditors and confirmation by the court pursuant to applicable provisions of the Bankruptcy Code and the Bankruptcy Rules. The confirmation process in bankruptcy proceedings is complicated. And the jurisdiction of the court in a case under Chapter 9 of the Bankruptcy Code over the debt-adjustment process is limited as set forth in Sections 901, 903, and 904, the Tenth Amendment to the United States Constitution, and other applicable law. <u>You are advised to seek the advice of counsel concerning how the Case and the Plan may impact your rights against the Debtor and to contact Stretto for more information about the balloting process should you desire to cast a ballot on the Plan</u>.

**DEADLINE FOR FILING AN OBJECTION TO THE ENTRY OF AN ORDER FOR RELIEF**. Interested parties who believe that the commencement of the Case was done improperly may object to the continuation of the Case pursuant to Section 921(c) of the Bankruptcy Code. Such objections, if any, must be filed and served so that they are actually received by all parties on the Master Service List maintained by Stretto no later than **September 30, 2025** (the "Eligibility Objection Deadline"). In addition to the foregoing notice requirements, any objection must state either (a) a reasoned and specific objection to Debtor's eligibility to be a debtor under Chapter 9 of the Bankruptcy Code; or (b) all facts and legal authorities which support the objector's contention that the City did not commence its Case in a good faith effort to adjust its debts. **If no objection is filed and properly served by the Eligibility Objection Deadline, the Petition filed by Debtor will be deemed to be entered on the Petition Date**.

**CLAIMS DEADLINE**. The court has imposed deadlines pursuant to Rule 3003(c)(3) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for interested parties to files claims against the Debtor. Any claimant who is not a governmental entity may file a claim against the Debtor by completing and filing a Proof of Claim on the appropriate official form and in accordance with applicable rules of procedure no later **October 31, 2025** (the "General Bar Date"). If the holder of a claim is a governmental entity, such claimant shall have until **December 22, 2025**, to file its claim (the "Governmental Bar Date"). **Failure to file a claim on or before the applicable Bar Date may result in the court's disallowance of your claim. Claimants may contact Stretto for further information about filing claims against a debtor in bankruptcy and to obtain a copy of the applicable form.**

**PLAN OF ADJUSTMENT**. Pursuant to Section 941 of the Bankruptcy Code, the Court has a set a deadline for the City to file its disclosure statement and Plan. Debtor shall file its Plan and disclosure statement on or before **December 31, 2025**. This deadline has been imposed without prejudice interested parties' right, if any, to seek a reduction or enlargement of the Plan Deadline. Further information about the Plan, the disclosure statement, and the voting and balloting process will be served and made available to interested parties by Stretto as future filings are made and future orders governing those processes are entered.

For further information on this Case or any of the preceding matters, please contact Stretto or the undersigned, as applicable.

NOTICE OF COMMENCEMENT - 2

129521550.1 0083426-00001

**STOEL RIVES LLP**
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone 206.624.0900

25-01128-WLH9    Doc 26    Filed 07/07/25    Entered 07/07/25 13:37:01    Pg 10 of 11

| | |
|---|---|
| 1 | STOEL RIVES LLP |
| 2 | |
| 3 | */s/ John S. Kaplan* |
| | John S. Kaplan, WSBA No. 23788 |
| 4 | Bryan T. Glover, WSBA No. 51045 |
| | Brandon E. Lira |
| 5 | *Pro Hac Vice Application Pending* |
| 6 | 600 University Street, Suite 3600 |
| | Seattle, WA 98101 |
| 7 | Telephone: (206) 624-0900 |
| 8 | Facsimile: (206) 386-7500 |
| | Email:  john.kaplan@stoel.com |
| 9 |         bryan.glover@stoel.com |
| 10 |        brandon.lira@stoel.com |
| 11 | *Attorneys for Debtor* |

NOTICE OF COMMENCEMENT - 3

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone 206.624.0900

129521550.1 0083426-00001

25-01128-WLH9    Doc 26    Filed 07/07/25    Entered 07/07/25 13:37:01    Pg 11 of 11