1
2
3
4
5
6
7
8
9
10

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON
YAKIMA DIVISION

In re:

CITY OF CLE ELUM,

           Debtor.

Case No. 25-01128-WLH9

Chapter 9

ORDER GRANTING DEBTOR'S
COMBINED MOTION TO EXPEDITE
HEARING AND FOR ENTRY OF AN
ORDER (1) AUTHORIZING THE
DEBTOR TO INCUR A SECURED
DEBT TO UMPQUA BANK AND
(2) GRANTING RELATED RELIEF

This matter came before the court upon the Motion[1] [Dkt. No. 42] filed by the Debtor in the captioned case for the entry of an Order authorizing the City to incur a secured debt to Umpqua Bank and granting related relief, each as set forth more fully in the Motion. The court, having reviewed the Motion and determined

---

[1]     Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion.

ORDER GRANTING DEBTOR'S COMBINED MOTION TO EXPEDITE HEARING AND
FOR ENTRY OF AN ORDER (1) AUTHORIZING THE DEBTOR TO INCUR A SECURED
DEBT TO UMPQUA BANK AND (2) GRANTING RELATED RELIEF - 1

STOEL RIVES LLP
600 University Street, Suite 3600, Seattle, WA 98101
Telephone 206.624.0900

that the City has established sufficient legal and factual bases for the relief sought in the Motion, **HEREBY FINDS:**

A. Due and sufficient notice of the Motion in accordance with applicable Bankruptcy Rules and Local Rules was given to parties in interest such that no further notice is required.

B. The City has established cause pursuant to Local Rule 2002-1(c)(2) to reduce the notice and objection period for the relief sought in the Motion.

C. Additional notice requirements beyond those imposed by this Order would unduly burden the Debtor.

D. Approval of the Credit Agreement is in the best interests of the City.

E. As of the date hereof, no committee of unsecured creditors has been appointed.

F. The court may enter the relief sought in the Motion without altering, limiting, or otherwise impairing the City's rights under Section 904 of the Bankruptcy Code to be free from court-imposed restrictions on the use and enjoyment of its assets as well as the free exercise of its political authority arising under applicable Washington law.

G. The Bankruptcy Code's cash collateral provisions are inapplicable to this Chapter 9 debtor.

H. The terms and conditions of the Credit Agreement, as approved and modified by this Order, are (i) fair and reasonable; and (ii) commercially standard in all material respects.

I. The City has exercised its business judgment in seeking approval of the Credit Agreement.

J. The City has not previously sought court approval of the Credit Agreement or any other post-petition lending.

ORDER GRANTING DEBTOR'S COMBINED MOTION TO EXPEDITE HEARING AND FOR ENTRY OF AN ORDER (1) AUTHORIZING THE DEBTOR TO INCUR A SECURED DEBT TO UMPQUA BANK AND (2) GRANTING RELATED RELIEF - 2

STOEL RIVES LLP
600 University Street, Suite 3600, Seattle, WA 98101
Telephone 206.624.0900

1    K.    The City's financial affairs would be unduly interrupted if the Motion

2    were denied or the court were to refuse to adjudicate the Motion on an expedited

3    basis.

4    L.    The City is not obligated to seek credit on an unsecured basis prior to

5    seeking authorization to enter into the Credit Agreement because a municipal debtor

6    cannot incur administrative priority debt pursuant to Section 364(b) of the

7    Bankruptcy Code.

8    **HAVING MADE THE FOREGOING FINDINGS OF FACT, IT IS HEREBY**

9    **ORDERED:**

10    1.    The Motion [Dkt. No. 42] is GRANTED in its entirety.

11    2.    All objections to the Motion are overruled on the merits to the extent

12    that they have not been withdrawn or otherwise resolved.

13    3.    To the extent necessary, the Debtor is authorized immediately to

14    undertake all actions authorized, implicitly contemplated by the Motion, or

15    otherwise necessary or appropriate to effectuate this Order.

16    4.    The Credit Agreement is approved, and the City may execute and

17    deliver the Credit Agreement to Umpqua.

18    5.    Promptly upon (i) the satisfaction of the Credit Agreement's conditions

19    precedent set forth in the Motion and (ii) the remittance or designation of the

20    Umpqua Deposit by the City, Umpqua must cause a reasonable number of

21    commercial cards and commercial accounts to be issued to the City and for the City's

22    credit limit to be allocated between and among those lines as the City directs;

23    provided, however, that (a) Umpqua is not obligated to issue an aggregate credit

24    limit greater than the Umpqua Deposit; (b) Umpqua may not require the City to use

25    fewer lines and cards than it customarily used prior to the Petition Date; and (c) the

26    City may from time to time reallocate its credit limits.

ORDER GRANTING DEBTOR'S COMBINED MOTION TO EXPEDITE HEARING AND
FOR ENTRY OF AN ORDER (1) AUTHORIZING THE DEBTOR TO INCUR A SECURED
DEBT TO UMPQUA BANK AND (2) GRANTING RELATED RELIEF - 3

STOEL RIVES LLP
600 University Street, Suite 3600, Seattle, WA  98101
Telephone 206.624.0900

6.      The revolving accounts issued to the City pursuant to this Order and the Credit Agreement shall be secured by a first priority security interest in favor of Umpqua in the Blocked Account, which shall be automatically perfected without further filing upon entry of this Order.

7.      If the City determines that it needs a higher credit limit than that secured by the initial Umpqua Deposit, then the City may deposit additional unencumbered funds into the Blocked Account which, without further order of the court, shall (i) be collateralized by the Assignment Agreement to the same validity and extent that Umpqua has perfected its rights in the initial Umpqua Deposit; (ii) be subject to the terms and conditions of the Credit Agreement in all respects; and (iii) subject to Umpqua's credit review and approval, increase the City's aggregate credit limit by the amount so deposited; provided, however, that this Paragraph permits the City to deposit into the Blocked Account no more than an additional $100,000.00 and obligations Umpqua to increase the credit limit under the Credit Agreement to amount not to exceed $150,000 in the aggregate.

8.      Nothing in this Order waives, alters, or limits the City's rights under the Bankruptcy Code, including, for the avoidance of doubt, the City's rights under Section 904 of the Bankruptcy Code to be free from court-imposed restrictions on the use and enjoyment of its assets as well as the free exercise of its political authority arising under applicable Washington law.

9.      The approval of the Credit Agreement does not prejudice the City's (i) ability to incur other unsecured debt without court approval; or (ii) right to seek approval of additional credit agreements pursuant to applicable subsections of Section 364 of the Bankruptcy Code, provided, however, so long as the Credit Agreement has not been terminated and any obligations thereunder remain

ORDER GRANTING DEBTOR'S COMBINED MOTION TO EXPEDITE HEARING AND FOR ENTRY OF AN ORDER (1) AUTHORIZING THE DEBTOR TO INCUR A SECURED DEBT TO UMPQUA BANK AND (2) GRANTING RELATED RELIEF - 4

STOEL RIVES LLP
600 University Street, Suite 3600, Seattle, WA 98101
Telephone 206.624.0900

25-01128-WLH9    Doc 42-1    Filed 07/31/25    Entered 07/31/25 16:57:09    Pg 4 of 6

outstanding, the City may not seek or obtain a priming lien in the Blocked Account in favor of any person other than Umpqua.

10. Nothing in this Order or the Credit Agreement:

 a. encumbers any of the City's avoidance actions and powers, whether arising under applicable provision of Chapter 5 of the Bankruptcy Code or otherwise;

 b. permits Umpqua (or, as applicable, its successors, assigns, designees, affiliates, and agents) to take any act which violates the automatic stay afforded the City by the commencement of the Case; or

 c. entitles Umpqua to, or prejudices Umpqua Bank with respect to, adequate protection of its interests arising under the Credit Agreement.

11. This is a final order which may be immediately enforced.

12. In the event of any inconsistency (i) between the Motion and this Order, this Order governs, and (ii) between the Credit Agreement and this Order, this Order governs.

13. All time periods set forth in this Order are calculated in accordance with Bankruptcy Rule 9006.

14. This court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

/// END OF ORDER ///

ORDER GRANTING DEBTOR'S COMBINED MOTION TO EXPEDITE HEARING AND FOR ENTRY OF AN ORDER (1) AUTHORIZING THE DEBTOR TO INCUR A SECURED DEBT TO UMPQUA BANK AND (2) GRANTING RELATED RELIEF - 5

STOEL RIVES LLP
600 University Street, Suite 3600, Seattle, WA 98101
Telephone 206.624.0900

Presented by:

STOEL RIVES LLP


/s/ John S. Kaplan
John S. Kaplan, WSBA No. 23788
Bryan T. Glover, WSBA No. 51045
Brandon E. Lira, *Pro Hac Vice*
600 University Street, Suite 3600
Seattle, WA 98101
T.  (206) 624-0900
Email:  john.kaplan@stoel.com
           bryan.glover@stoel.com
           brandon.lira@stoel.com

*Attorneys for Debtor*

ORDER GRANTING DEBTOR'S COMBINED MOTION TO EXPEDITE HEARING AND
FOR ENTRY OF AN ORDER (1) AUTHORIZING THE DEBTOR TO INCUR A SECURED
DEBT TO UMPQUA BANK AND (2) GRANTING RELATED RELIEF - 6

**STOEL RIVES LLP**
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone 206.624.0900*