| | |
|---|---|
| 1 | JOHN S. KAPLAN (WSBA No. 23788) |
| 2 | BRYAN T. GLOVER (WSBA No. 51045) |
| 3 | BRANDON E. LIRA, *Admitted Pro Hac Vice* |
| | STOEL RIVES LLP |
| 4 | 600 University Street, Suite 3600 |
| | Seattle, WA 98101 |
| 5 | Telephone: (206) 624-0900 |
| 6 | Facsimile: (206) 386-7500 |
| | Email: john.kaplan@stoel.com |
| 7 | bryan.glover@stoel.com |
| 8 | brandon.lira@stoel.com |

The Honorable Whitman L. Holt
Chapter 9

*Attorneys for Debtor*

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON
# YAKIMA DIVISION

In re:

CITY OF CLE ELUM,

    Debtor.

---

CITY OF CLE ELUM,

    Plaintiff,

    v.

CITY HEIGHTS HOLDINGS, LLC, a Washington limited liability company; UMPQUA BANK, an Oregon state chartered bank; and U.S. BANK N.A., a national banking association,

    Defendants.

Case No. 25-01128-WLH9

Adv. Pro. No. _____

COMPLAINT TO AVOID AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 AND 550 AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502

The City of Cle Elum (the "<u>Plaintiff</u>" or the "<u>City</u>"), by and through its undersigned counsel, files this complaint (the "<u>Complaint</u>") (a) against City Heights Holdings, LLC ("<u>CHH</u>" or the "<u>Transferee</u>") to avoid and recover transfers received

COMPLAINT TO AVOID AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 AND 550 AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502 - 1

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone 206.624.0900*

129597345.4 0083426-00001

25-01128-WLH9   Doc 51   Filed 08/13/25   Entered 08/13/25 14:50:07   Pg 1 of 14

by CHH and to disallow any claims held by CHH, and (b) against Umpqua Bank and U.S. Bank N.A. (collectively, the "Respondents"). In support of this Complaint, Plaintiff alleges that:

## NATURE OF THE CASE

1. The City seeks to avoid and recover from CHH, or from any other person or entity for whose benefit the transfers were made, all preferential transfers that occurred during the ninety (90) day period prior to the commencement of the City's bankruptcy proceedings (the "Case") pursuant to Sections 547 and 550 of Chapter 5 of Title 11 of the United States Code (the "Bankruptcy Code"), which are made applicable to this Case by Section 901(a) of the Bankruptcy Code.

2. The transfers (a) comprise several writs of garnishment under Washington law which CHH caused to issue and attach to the City's bank accounts in the weeks leading up to the commencement of this Case, and (b) satisfy the definition of a transfer set forth in Section 101(54)(A) of the Bankruptcy Code. Furthermore, the liens created by these garnishments are restricting the City's access to its working capital at a time when its wherewithal is already strained, and they are further impeding the City's unqualified right to continued use of its property pursuant to Section 904 of the Bankruptcy Code.

3. In addition, the City seeks to disallow, pursuant to Section 502(d) of the Bankruptcy Code (made applicable to this Case by Section 901(a) of the Bankruptcy Code), any claim that CHH has filed (or may hereafter file) against the City, or claim that may otherwise be deemed scheduled for CHH. Plaintiff does not waive but hereby reserves all of its rights to object to any such claim for any reason, including, but not limited to, any reason set forth in sections 502(a) through (j) of the Bankruptcy Code.

COMPLAINT TO AVOID AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 AND 550 AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502 - 2

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone 206.624.0900

129597345.4 0083426-00001

25-01128-WLH9   Doc 51   Filed 08/13/25   Entered 08/13/25 14:50:07   Pg 2 of 14

4. Neither CHH nor the Respondents will release the garnishments or the City's funds without an order from the court, making expeditious relief in this case essential to a successful effort to adjust the City's debts. For the avoidance of doubt, the City is not seeking monetary relief against the Respondents at this time and instead seeks an order or judgment compelling their cooperation with a release of the Pre-Petition Writs (hereinafter defined) that CHH caused to be issued during the Preference Period (hereinafter defined).

## JURISDICTION AND VENUE

5. The United States Bankruptcy Court for the Eastern District of Washington has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334(b).

6. This adversary proceeding is a "core" proceeding to be heard and determined by the court pursuant to 28 U.S.C. § 157(b)(2). To the extent necessary, Plaintiff consents to entry of final orders and judgment in this matter by this court.

7. Venue of the Case and this adversary proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

8. The statutory and legal predicates for the relief sought herein are Sections 105, 502, 547, and 550 of the Bankruptcy Code and Rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

9. This Complaint is timely filed under Section 546 of the Bankruptcy Code.

## PARTIES

10. Plaintiff is a city in the state of Washington and is the Debtor in the Case.

COMPLAINT TO AVOID AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 AND 550 AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502 - 3

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone 206.624.0900
129597345.4 0083426-00001
25-01128-WLH9   Doc 51   Filed 08/13/25   Entered 08/13/25 14:50:07   Pg 3 of 14

11. Upon information and belief, Defendant CHH is a Washington limited liability company whose primary place of business is located in the state of Washington.

12. Upon information and belief, Umpqua Bank is an Oregon state chartered bank authorized to do business in the state of Washington.

13. Upon information and belief, U.S. Bank N.A. is a national banking association authorized to do business in the state of Washington.

## BACKGROUND

14. Much of the background to the instant adversary proceeding is set forth in the *Declaration of Matthew Lundh in Support of Cle Elum's Petition for Relief Under Chapter 9 of the Bankruptcy Code* [Bankr. Dkt. No. 12] (as may be modified or supplemented from time to time, the "First-Day Declaration"), which is incorporated herein by this reference.

15. The Debtor commenced this Case by filing its *Voluntary Petition for Non-Individuals Filing for Bankruptcy* (the "Petition") seeking relief under Chapter 9 of Bankruptcy Code on June 24, 2025 (the "Petition Date").

16. To date, no plan has been proposed by the City or confirmed by the court. Accordingly, the City is possessed with and continues to own all of its applicable avoidance powers under the Bankruptcy Code, including under Sections 547 and 550.

17. Plaintiff has the capacity, in its own right and name, to pursue, commence, prosecute, compromise, settle, dismiss, release, waive, withdraw, abandon, or resolve the City's avoidance actions arising under Chapter 5 of the Bankruptcy Code by operation of Section 902(5) of the Bankruptcy Code, including the preference claims asserted in this Complaint.

COMPLAINT TO AVOID AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 AND 550 AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502 - 4

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone 206.624.0900*

129597345.4 0083426-00001

25-01128-WLH9    Doc 51    Filed 08/13/25    Entered 08/13/25 14:50:07    Pg 4 of 14

18. Prior to the Petition Date, the City, as a municipality existing under Washington law, maintained relationships with various entities and individuals through which the City purchased, sold, received, or delivered goods and services, including CHH.

19. More specifically, CHH is and at all relevant times has been, a counterparty to the City Heights Annexation and Development Agreement (the "Development Agreement").

20. In general terms, the Development Agreement obligates CHH to construct a master planned community over a multi-phase, 25-year buildout comprised of 962 homesites on a 358-acre property in the City, which would be named City Heights (the "City Heights Project").

21. CHH became the operative owner and developer of City Heights by virtue of various transactions, and CHH assured the City that it wished to perform under the Development Agreement and to cause an orderly completion of the City Heights Project in accordance therewith.

22. Neither CHH nor the Ridge Entities have substantially completed the obligations owed to the City and its inhabitants under the Development Agreement. A summary of the disordered state of the City Heights Project is set forth in the First-Day Declaration.

23. The financial outlays made and other expenses incurred by the City in connection with its continued performance under the Development Agreement have put the City's financial affairs under significant pressure, and with precious little received in return.

24. The City's financial difficulties that led to the decision to file the Petition are attributable to a combination of factors, all of which placed significant stress on the City's liquidity position in the months leading up to the Petition Date.

COMPLAINT TO AVOID AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 AND 550 AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502 - 5

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone 206.624.0900
129597345.4 0083426-00001

A summary of the City's prepetition operations, debt structure, and factors that led to the filing of this Case are set forth in the First-Day Declaration.

25. In particular, CHH's vexatious litigation strategies against the City led to an extreme and punitive arbitration award against the City and in favor of CHH. That arbitration award was subsequently confirmed by the King County Superior Court pursuant to that court's amended judgment entered May 12, 2025 (the "<u>Amended Judgment</u>"). A true and correct copy of the Amended Judgment is attached hereto as **Exhibit A**.

26. The Amended Judgment (inclusive of fees, costs and prejudgment interest) totals $25,997,198.40 (the "<u>Judgment Debt</u>"), which is approximately $11,477.79 per citizen of the City.

27. The Amended Judgment is presently accruing interest at the rate of 12% per annum, which is approximately $259,971.98 per month. To put this interest accrual in perspective, the Amended Judgment is accruing annual interest of approximately $3,119,663.76 against a City whose general fund totaled $4,452,132.00 for the most-recent fiscal year. A true and correct copy of the City's budget for fiscal year 2025 is attached hereto as **Exhibit B**.

28. Because the City cannot reasonably repay the Amended Judgment while carrying on reasonable levels of essential services to its citizens, any plan which may be propounded by the City and confirmed by the court will necessarily afford CHH less than full recovery on its judgment debt.

29. Based upon Plaintiff's review of the information, if any, provided by CHH prior to filing this Complaint, and after performing Plaintiff's own due diligence evaluation of the reasonably knowable affirmative defenses to avoidance of the transfers, Plaintiff has determined that Plaintiff may avoid the transfers even after taking into account any reasonably foreseeable alleged affirmative defenses.

COMPLAINT TO AVOID AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 AND 550 AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502 - 6

129597345.4 0083426-00001

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone 206.624.0900*

25-01128-WLH9    Doc 51    Filed 08/13/25    Entered 08/13/25 14:50:07    Pg 6 of 14

30. During the course of this litigation, Plaintiff may learn (through discovery or otherwise) of additional transfers made to CHH during the Preference Period or that may be avoidable under other provisions of the Bankruptcy Code. For the avoidance of doubt and for the benefit of all creditors of the City, it is the City's intention to avoid and recover all avoidable transfers of property made to or for the benefit of CHH or any other transferee affiliated with CHH in accordance with applicable provisions of the Bankruptcy Code. Plaintiff, therefore, reserves its right to amend this Complaint to include: (i) further information regarding the transfers, (ii) additional transfers, (iii) modifications of or revision to the identity of the applicable transferee, (iv) additional defendants, or (v) additional causes of action as further information becomes known to the City, through formal discovery or otherwise, and for such amendments to relate back to the date of this Complaint.

## CLAIMS FOR RELIEF

**First Claim for Relief**
(*Avoidance of Preference Period Transfers – 11 U.S.C. § 547*)

31. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein, to the extent they are not inconsistent with allegations contained in this First Claim for Relief.

32. During the ninety (90) days before and including the Petition Date, that is between March 26, 2025, and June 24, 2025 (the "Preference Period"), the City continued to operate its financial affairs, including the transfer of money, either by checks, cashier checks, wire transfers, ACH transfers, direct deposits, or other transfers to various entities.

33. CHH received avoidable transfers during the Preference Period.

34. Section 547(b) of the Bankruptcy Code provides as follows:

COMPLAINT TO AVOID AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 AND 550 AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502 - 7

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone 206.624.0900

129597345.4 0083426-00001

25-01128-WLH9    Doc 51    Filed 08/13/25    Entered 08/13/25 14:50:07    Pg 7 of 14

> Except as provided in subsections (c) and (i) of this section, the trustee may, based on reasonable due diligence in the circumstances of the case and taking into account a party's known or reasonably knowable affirmative defenses under subsection (c), avoid any transfer of an interest of the debtor in property—
>
> (1) to or for the benefit of a creditor;
>
> (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
>
> (3) made while the debtor was insolvent;
>
> (4) made—
>
>> (A) on or within 90 days before the date of the filing of the petition; or
>>
>> (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
>
> (5) that enables such creditor to receive more than such creditor would receive if—
>
>> (A) the case were a case under chapter 7 of this title;
>>
>> (B) the transfer had not been made; and
>>
>> (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

35. In an effort to enforce the Amended Judgment, CHH caused the King County Superior Court to issue Writs of Garnishment (for lesser amount) to each of the Respondents (the "<u>Pre-Petition Writs</u>") on May 28, 2025 (the "<u>Execution Date</u>"), which was approximately four weeks before the Petition Date. True and correct copies of the Pre-Petition Writs are attached hereto as **Exhibit C**.

36. The Pre-Petition Writs constitute transfers within the meaning of Sections 101(54)(A) and 547(b) of the Bankruptcy Code because the Pre-Petition Writs have created liens[1] against the City's financial accounts maintained with each of the Respondents.

---

[1] Garnishments constitute judicial liens under the Bankruptcy Code. *In re Bensen*, 262 B.R. 371, 379 (Bankr. N.D. Tex. 2001) ("It is well established that a writ of garnishment constitutes a judicial lien for purposes of the lien

COMPLAINT TO AVOID AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 AND 550 AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502 - 8

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone 206.624.0900*

129597345.4 0083426-00001

37. The liens effectuated by the Pre-Petition Writs were created for the benefit of CHH within the meaning of Section 547(b)(1) of the Bankruptcy Code and with the specific intent to enhance CHH's position relative to other creditors by encumbering assets of the City as security for the Judgment Debt.

38. The Amended Judgment and the Judgment Debt are unquestionably antecedent debts owed by the City to CHH within the meaning of Section 547(b)(2), each having been adjudicated before the Petition Date and prior to the issuance of the Pre-Petition Writs on the Execution Date.

39. CHH was a creditor at the time of each transfer by virtue of the Judgment Debt due and owing to CHH by the City at that time because the Judgment Debt (a) was entered prior to the Execution Date, and (b) constitutes a "debt" of the City or "claim" against the City (as those terms are defined in the Bankruptcy Code).

40. The City was insolvent within the meaning of Sections 101(32)(c)(ii) and 547(b)(3) of the Bankruptcy Code on the Execution Date because the City was, among other things, unable to pay the multimillion-dollar Judgment Debt then due and owing to CHH by the City.

41. Plaintiff is entitled to the presumption of insolvency for each transfer made during the Preference Period pursuant to Section 547(f) of the Bankruptcy Code and, accordingly, puts CHH to its burden of proof to rebut this presumption.

42. The transfers effectuated by the Pre-Petition Writs were made on the Execution Date, which falls within the Preference Period and thereby satisfies Section 547(b)(4)(A) of the Bankruptcy Code.

---

avoidance provisions of § 522(f)."); *In re Weatherspoon*, 101 B.R. 533, 535 (Bankr. N.D. Ill. 1989) (rejecting the argument that the fact that the applicable garnishment was authorized by statute made the garnishment a non-judicial lien and concluding that garnishments "are judicial liens because they arise by virtue of the judicial proceedings and the service of process on the [garnishee].").

COMPLAINT TO AVOID AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 AND 550 AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502 - 9

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone 206.624.0900
129597345.4 0083426-00001

43. It is the law of this Circuit that any receipt of value during the preference period from a debtor satisfies Section 547(b)(5) of the Bankruptcy Code unless the debtor is solvent.[2]

44. As a result of the Pre-Petition Writs, CHH has encumbered assets belonging to the City totaling not less than $464,000.00, consisting of $232,000.00 in an Umpqua Bank account and $232,000.00 in a U.S. Bank account (collectively, the "Garnished Funds").  True and correct copies of the Answer to Writ of Garnishment from each of the Respondents are attached hereto as **Exhibit D**.

45. If the Pre-Petition Writs are not avoided, then CHH would be entitled to assert a secured claim against the City in an amount not less than $464,000.00 in the event of a hypothetical liquidation, thereby improving its position by the delta between (a) its full recovery of $464,000.00 and (b) the pro rata share CHH otherwise would have received from the distribution of that $464,000.00 as a fully unsecured judgment creditor of the City.

46. Because the City is insolvent (and, therefore, unable to fully repay its creditors), the improved recovery afforded CHH by the Pre-Petition Writs renders the liens effectuated by those Pre-Petition Writs avoidable within the meaning of the Ninth Circuit's *Shurtleff* decision (*note* 2 *supra*).

47. Application of the *Shurtleff* decision to the specific facts of this Case is also appropriate because only insolvent municipalities may be debtors under Chapter 9 of the Bankruptcy Code pursuant to Section 109(c)(3).

48. Chapter 9 of the Bankruptcy Code, focused on the continuation of the operations and provision of essential services by municipalities, does not permit municipalities to be dismantled or liquidated as in bankruptcy proceedings conducted under other Chapters.

---

[2] *In re Lewis W. Shurtleff, Inc.* ("Shurtleff"), 778 F.2d 1416, 1421 (9th Cir. 1985).

COMPLAINT TO AVOID AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 AND 550 AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502 - 10

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone 206.624.0900

129597345.4 0083426-00001

25-01128-WLH9    Doc 51    Filed 08/13/25    Entered 08/13/25 14:50:07    Pg 10 of 14

49. In light of these limitations, bankruptcy courts applying the "best interests" test imposed by Section 943(b)(7) of the Bankruptcy Code have coalesced around an alternative conduction of hypothetical liquidations in the context of confirmation of Chapter 9 plans of adjustment in which outcomes for creditors as a whole in exercising their state law remedies in the event of dismissal are compared to those creditors' outcome in the Chapter 9 proceeding if the municipality directs "reasonable efforts" at repayment of its creditors.[3]

50. Under the specific facts of this Case, it is clear that dismissal would advantage no creditor but CHH, who would continue its aggressive litigation strategy by either garnishing more and more funds from the City (auguring and likely precipitating its collapse) or continuing to parasitically siphon off the City's funds to the detriment of its citizens relying on its essential services.

51. In the latter eventuality, it is notable that CHH's overwhelming Judgment Debt would continue compounding at the rate of 12% per annum, thereby ensnaring the City in a perpetual cycle of worsening insolvency while CHH, having won the proverbial race to the courthouse and executed on its judgment, will always remain a step ahead of other creditors.

52. Because the liquidation-related rules of Chapter 9 impose a reasonable-efforts test and because the City cannot fully repay CHH under that construction of the Bankruptcy Code, it is clear that the Pre-Petition Writs have impermissibly improved CHH's position within the meaning of Section 547(b)(5)

---

[3] *In re City of Stockton, California*, 542 B.R. 261, 286 (B.A.P. 9th Cir. 2015); *In re Pierce Cnty. Hous. Auth.*, 414 B.R. 702, 718 (Bankr. W.D. Wash. 2009) ("The best interest of creditors requirement of § 943(b)(7) is generally regarded as requiring that a proposed plan provide a better alternative for creditors than what they already have.") (quotations omitted); *In re Mount Carbon Metro. Dist.*, 242 B.R. 18, 34 (Bankr. D. Colo. 1999) ("Since insolvency is the foundation of Chapter 9 eligibility, it would make little sense to confirm a reorganization plan which does not remedy the problem.").

COMPLAINT TO AVOID AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 AND 550 AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502 - 11

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone 206.624.0900

129597345.4 0083426-00001

25-01128-WLH9    Doc 51    Filed 08/13/25    Entered 08/13/25 14:50:07    Pg 11 of 14

of the Bankruptcy Code whether that issue is viewed in the classic sense (i.e., under *Shurtleff*) or under the unique prism of Chapter 9 liquidation analyses.

53. In accordance with the foregoing, each Pre-Petition Writ is avoidable pursuant to Section 547(b) of the Bankruptcy Code.

**Second Claim for Relief**
*(Recovery of Avoided Transfers – 11 U.S.C. § 550)*

54. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein, to the extent they are not inconsistent with the allegations contained in this Second Claim for Relief.

55. Plaintiff is entitled to avoid the Pre-Petition Writs pursuant to Section 547(b) of the Bankruptcy Code.

56. CHH was the initial transferee of the Pre-Petition Writs or the immediate or mediate transferee of such initial transferee or the person for whose benefit the transfers effectuated by the Pre-Petition Writs were made.

57. Accordingly, pursuant to Section 550(a) of the Bankruptcy Code, the City is entitled to a release of the Pre-Petition Writs.

**Third Claim for Relief**
*(Disallowance of all Claims – 11 U.S.C. § 502(d) and (j))*

58. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein, to the extent they are not inconsistent with allegations contained in this Third Claim for Relief.

59. CHH is a transferee of transfers avoidable under Section 547(b) of the Bankruptcy Code, which are also subject to the City's strong-arm powers arising under Section 550 of the Bankruptcy Code.

60. As of the date of this Complaint, CHH has not released the Pre-Petition Writs.

COMPLAINT TO AVOID AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 AND 550 AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502 - 12

129597345.4 0083426-00001

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone 206.624.0900

25-01128-WLH9    Doc 51    Filed 08/13/25    Entered 08/13/25 14:50:07    Pg 12 of 14

61. Pursuant to Section 502(d) of the Bankruptcy Code, any and all claims of CHH (including any successors or assignees or CHH) against the City must be disallowed (or, to the extent necessary, reconsidered pursuant to Section 502(j) of the Bankruptcy Code) until such time as CHH releases the Pre-Petition Writs.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests that this Court grant the following relief against CHH and the Respondents:

A. On Plaintiff's First and Second Claims for Relief, (a) judgment in favor of the City and against CHH, avoiding, pursuant to sections 547(b) and 550(a) of the Bankruptcy Code, all of the transfers and directing CHH to release its writs of garnishment, and (b) judgment in favor of the City and against the Respondents directing the Respondents to cooperate in the release of the Pre-Petition Writs and to release the Garnished Funds and unfreeze any accounts of the City upon which the Respondents placed restrictions of any sort whatsoever in their good-faith response to the Pre-Petition Writs;

B. On Plaintiff's Third Claim for Relief, judgment in favor of the City and against CHH, disallowing, pursuant to Section 502(d) of the Bankruptcy Code, any claims held or filed by CHH (or any successor or assignee of CHH) against the City unless and until CHH releases its writs of garnishment and Plaintiff has full use of the Garnished Funds; and

C. Such other and further relief as this Court may deem just and proper.

COMPLAINT TO AVOID AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 AND 550 AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502 - 13

ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone 206.624.0900

129597345.4 0083426-00001

25-01128-WLH9    Doc 51    Filed 08/13/25    Entered 08/13/25 14:50:07    Pg 13 of 14

DATED: August 13, 2025.                     STOEL RIVES LLP

*/s/ John S. Kaplan*
John S. Kaplan, WSBA No. 23788
Bryan T. Glover, WSBA No. 51045
Brandon E. Lira, *Admitted Pro Hac Vice*
600 University Street, Suite 3600
Seattle, WA 98101
T. (206) 624-0900
Email: john.kaplan@stoel.com
       bryan.glover@stoel.com
       brandon.lira@stoel.com

*Attorneys for Plaintiff*

COMPLAINT TO AVOID AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 AND 550 AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502 - 14

**STOEL RIVES LLP**
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone 206.624.0900

129597345.4 0083426-00001

25-01128-WLH9    Doc 51    Filed 08/13/25    Entered 08/13/25 14:50:07    Pg 14 of 14